**Rajdav SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71301.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Hardeep Singh Rai, Tsz–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ranganth Manthripragada, Department of Justice, Civil Division, Washington, DC, Pierre R. St. Hilaire, U.S. Department of Justice, Criminal/Antiterrorism, Section, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**638**

Before: GOODWIN, RYMER and FISHER, Circuit Judges.

MEMORANDUM **

Rajdav Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation, and request for relief under the Convention Against Torture ("CAT"). We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

■ Substantial evidence supports the IJ's denial of asylum based on an adverse credibility finding. Singh submitted documents that directly contradicted his testimony, including an affidavit from a brother-in-law, who Singh testified had been killed by the police for his political involvement. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). Singh testified inconsistently regarding matters that go to the heart of his claim, including his political affiliation, and the dates, circumstances, and details of his alleged arrest and beating. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004). Singh's testimony on these matters was also inconsistent with his asylum application and he omitted significant details that were contained in his application. *See id.*

■ Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Because Singh's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its CAT determination, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**